[815 NYS2d 214]

In the Matter of LAVERNE M. CAVE (Admitted as LAVERNE MARIE CAVE), a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, May 16, 2006

## APPEARANCES OF COUNSEL

*Diana Maxfield Kearse*, Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

*Rawlins & Gibbs, LLP*, New York City (*Earl A. Rawlins* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

The petition dated October 12, 2004, contains two charges of professional misconduct. After a preliminary conference on May 6, 2005, and a hearing on May 17, 2005, the Special Referee sustained both charges. The petitioner now moves to confirm the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has submitted a response to the motion, making no objection and requesting that any sanction imposed not exceed the term of the interim suspension.

Charge One alleges that the respondent failed to comply with the petitioner's legitimate demands in connection with an investigation into her professional misconduct, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). By letter dated September 24, 2003, sent to the respondent's home address, the petitioner advised the respondent that she was the subject of a sua sponte investigation based upon her failure to reregister with the Office of Court Administration (hereinafter the OCA), as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. The respondent was directed to reregister forthwith, to submit proof of compliance to the petitioner, and to submit, within 30 days, a written answer explaining her failure to reregister. The respondent failed to comply or to contact the petitioner in any manner.

By letter dated January 2, 2004, sent to the respondent's home address via certified and regular mail, the petitioner again directed the respondent to reregister and to submit a written answer within 10 days. The respondent failed to take any action. By letter dated March 9, 2004, the petitioner again directed the respondent to reregister and to submit a written answer within 30 days. The respondent again failed to take any action. A letter dated July 15, 2004, directing the respondent to reregister and to submit a written answer by August 2, 2004, was hand delivered to the respondent's home address. Prior to that date, the respondent failed to reregister with the OCA, submit the requested answer, or contact the petitioner in any manner.

Charge Two alleges that the respondent failed to reregister as an attorney with the OCA, as required by Judiciary Law § 468-a, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). The respondent failed to reregister with the OCA and pay the required fee for three registration periods: 2000, 2002, and 2004.

Inasmuch as the charges were totally uncontroverted, the Special Referee properly sustained them. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the petitioner notes that the respondent's prior disciplinary history consists of a letter of caution dated May 21, 1993, based upon five complaints of failure to maintain client communication, an admonition delivered in April 1995 based upon six matters, and a personally delivered admonition dated October 9, 2001, for neglect of a legal matter, failure to communicate with a client, and failure to cooperate with the petitioner.

In mitigation, the respondent asks the Court to consider that the subject misconduct occurred during a period of great upheaval in her personal life. The respondent has acknowledged that she must attend to her obligations in a timely fashion. As a result of the counseling that she sought out, the respondent has developed additional coping skills to maintain mandated responsibilities during times of extreme stress and disruption.

In view of the ameliorative action undertaken by the respondent, she is suspended from the practice of law for a period of one year with credit afforded her for time served pursuant to this Court's decision and order on motion dated February 2, 2005.

PRUDENTI, P.J., FLORIO, MILLER, SCHMIDT and LUCIANO, JJ., concur.

Ordered that the motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Laverne M. Cave, admitted as Laverne Marie Cave, is suspended from the practice of law for a period of one year, commencing immediately, with credit for the time already elapsed under the interim suspension imposed by decision and order on motion of this Court dated February 2, 2005, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement upon furnishing satisfactory proof that during that period she (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10), (3) complied with the continuing legal education requirements of 22 NYCRR 691.11 (c) (3), and (4) otherwise properly conducted herself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Laverne M. Cave, admitted as Laverne Marie Cave, shall continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding herself out in any way as an attorney and counselor-at-law.

Ordered that if the respondent, Laverne M. Cave, admitted as Laverne Marie Cave, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in her affidavit of compliance pursuant to 22 NYCRR 691.10 (f).